**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PURE Insurance Company, | No. CV-20-08261-PCT-MTM |
| Plaintiff, | **ORDER** |
| v. | |
| Clawfoot Supply LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Strike (doc. 28), filed July 29, 2021. Plaintiff seeks to strike Defendant's Supplemental Notice of Non-Parties at Fault (doc. 27). Plaintiff argues that the Supplemental Notice violates Rule 26(b)(5) of the Arizona Rules of Civil Procedure, because it was filed more than 150 days after Defendant filed its Answer (doc. 6) on October 7, 2020. Defendant filed a Response in Opposition (doc. 31) on August 12, 2021. Plaintiff did not file a Reply.

As an initial matter, the Court agrees with both parties that Ariz. R. Civ. P. 26(b)(5) applies to this proceeding. *See Wester v. Crown Controls Corp.*, 974 F. Supp. 1284, 1288 (D. Ariz. 1996) (concluding Ariz. R. Civ. P. 26(b)(5) is "substantive" law that a federal court sitting in diversity jurisdiction must apply under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)); *see also Raygarr LLC v. Emps. Mut. Cas. Co.*, 506 F. Supp. 3d 737, 748 n.7 (D. Ariz. 2020). Rule 26(b)(5) states:

> No later than 150 days after filing its answer, a party must serve on all other parties--and should file with the court--a notice disclosing any person: (A) not currently or formerly named as a party in the action; and (B) whom the party alleges was wholly or partly at fault under A.R.S. § 12-2506(B). The

>notice must disclose the identity and location of the nonparty allegedly at fault, and the facts supporting the allegation of fault. A party who has served a notice of nonparty at fault must supplement or correct its notice if it learns that the notice was or has become materially incomplete or incorrect and if the additional or corrective information has not otherwise been disclosed to the other parties through the discovery process or in writing. A party must supplement or correct its notice of nonparty at fault under this rule in a timely manner, but in no event more than 30 days after it learns that the notice is materially incomplete or incorrect. The trier of fact may not allocate any percentage of fault to a nonparty who is not disclosed in accordance with this rule except on stipulation of all the parties or on motion showing good cause, reasonable diligence, and lack of unfair prejudice to all other parties.

*Id*. Defendant filed an initial Notice of Non-Parties at Fault on February 22, 2021 (doc. 21), within the timeframe provided by Rule 26(b)(5). The initial Notice named Palacios Remodeling as a potential non-party at fault but did not name Frank Palacios specifically. The initial Notice also named a "John Doe I General Contractor" as a potential non-party at fault for "negligent remodeling, restoration, construction, reconstruction or maintenance work on the subject faucet." (Doc. 21 at 2).

Plaintiff argues that Defendant knew the identity of Frank Palacios at the time Initial Disclosure Statements were filed, and therefore cannot satisfy the provision of Rule 26(b)(5) that permits a supplemental notice of filing only if "the additional or corrective information has not otherwise been disclosed to the other parties through the discovery process or in writing." *Id*. Because Frank Palacios is listed in the Initial Disclosure Statement, according to Plaintiff, that is enough to prevent Defendant from filing the Supplemental Notice. (Doc. 28 at 2).

The Court denies Plaintiff's Motion to Strike. Plaintiff does not explain how Defendant should have been aware at the time the initial Notice was filed that Frank Palacios was the general contractor responsible for pre-damage remodeling; Plaintiff's Initial Disclosure Statement identifies four different individuals (including Defendant) who may have performed work at the subject property and does not describe in any detail what type of work they performed. (Doc. 31-1, Ex. C at 15). It was only after Plaintiff's June 18, 2021 Response to Defendant's Interrogatories that Plaintiff first notified Defendant that Frank Palacios was the general contractor who "purchased and installed

the faucets" Plaintiff alleges caused the damages in this action. (Doc. 31-1, Ex. A at 2, 4).

Although Plaintiff's Initial Disclosure Statement as to Frank Palacios describes that he will testify to work performed "both before and after the loss" (doc. 31-1, Ex. C at 15), the Court concludes that Plaintiff's Initial Disclosure Statement did not contain sufficient information to place Defendant on notice that Frank Palacios and "John Doe I General Contractor" were one and the same. The Court concludes that "additional or corrective information" within the meaning of Rule 26(b)(5) was not disclosed to Defendant prior to the filing of Plaintiff's Interrogatory Responses, and therefore the filing of the Supplemental Notice was proper.

*Kingsley Capital Management, LLC v. Sly*, No. CV-10-02243-PHX-NVW, 2012 WL 3578855 (D. Ariz. Aug. 20, 2012), cited by Plaintiff, is easily distinguishable from this case. In that case, the defendants' notices of non-parties at fault were filed after the 150-day period. *Id*. at *1. The defendants offered no explanation for failing to file their notices on time. Because the parties were not diligent, the court in *Sly* struck their notices as untimely without excuse. *Id*. at *2.

In this case, Defendant filed a timely initial Notice that identified Palacios Remodeling and "John Doe I General Contractor" as potential non-parties at fault. The parties proceeded to disclose more information to each other in discovery. Once it became clear during discovery that Frank Palacios was "John Doe I General Contractor," Defendant filed a supplemental Notice within the time period specified by Ariz. R. Civ. P. 26(b)(5). The Court concludes Defendant complied with Rule 26(b)(5) in naming Frank Palacios as a potential non-party at fault.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike (doc. 28) is **denied**.

Dated this 23rd day of August, 2021.

Honorable Michael T. Morrissey
United States Magistrate Judge